**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122371

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Gordon Donovan, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Lawrence Ragan Communications, Inc. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Gordon Donovan ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Lawrence Ragan Communications, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to these images which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.prdaily.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Gordon Donovan is an individual who is a citizen of the State of New York and maintains a principal place of business at 405 East 56 Street, New York, New York 10022 in New York County.

7. On information and belief, defendant Lawrence Ragan Communications, Inc. is an Illinois Corporation with a principal place of business at 10 S. La Salle St., Chicago, Illinois 60603 in Cook County, Illinois and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Lawrence Ragan Communications, Inc. because it maintains its principal place of business in Illinois.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Lawrence Ragan Communications, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. Lawrence Ragan Communications, Inc.is the registered owner of the Website and is responsible for its content.

16. Lawrence Ragan Communications, Inc. is the operator of the Website and is responsible for its content.

17. The Website is a popular and lucrative commercial enterprise.

18. The Website is monetized in that sells merchandise and/or services to the public and, on information and belief, Defendant profits from these activities.

19. On June 30, 2019, Plaintiff Gordon Donovan authored a photograph of New York Governor Andrew Cuomo attending a New York City Gay Pride event (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

20. Plaintiff applied to the USCO to register the Photograph on September 16, 2020 under Application No. 1-9281562358.

21. The Photograph was registered by USCO on September 16, 2020 under Registration No. VA 2-217-905.

22. On July 13, 2020, Plaintiff observed the Photograph on the Website in a story entitled "Crisis communication takeaways from Andrew Cuomo" dated April 30, 2020. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

23. The Photograph was displayed at URL: https://www.prdaily.com/crisis-communication-takeaways-from-andrew-cuomo/ and was stored at URL: https://cdn.prdaily.com/wp-content/uploads/2020/04/andrew-cuomo-at-parade.jpg.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Website.

25. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the

"*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

28. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

29. On information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

30. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

31. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

32. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

33. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

34. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

35. On information and belief, Defendant monitors the content on its Website.

36. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

37. On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

38. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural*

*Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505;

e.    for pre judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: June 21, 2021

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122371